**Fill in this information to identify the case:**

United States Bankruptcy Court for the District of <u>Delaware</u>

Case number (*if known*): _____ Chapter <u>11</u>

❑ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Cottonmouth SWD, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 82-3879849 |

**4.    Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1        West Third Street<br>Number    Street | Number        Street |
| Suite 1700 | P.O. Box |
| Tulsa        Oklahoma    74103<br>City        State        ZIP Code | City        State        ZIP Code |
| Tulsa County<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number    Street<br><br>City    State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | N/A |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other.  Specify: |

WEIL:\97481426\8\35331.0003

| | |
|---|---|
| Debtor | Cottonmouth SWD, LLC |
| | Name |

Case number (if known) _____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*
☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.
2111 – Oil and Gas Extraction

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes    District _____    When _____    Case number _____
                                                    MM/ DD/ YYYY

              District _____    When _____    Case number _____
                                                    MM / DD / YYYY

---

| Debtor | Cottonmouth SWD, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes

| Debtor | See Schedule 1 | Relationship | See Schedule 1 |
|---|---|---|---|
| District | District of Delaware | When | See Schedule 1 |
| | | | MM / DD/ YYYY |
| Case number, if known | | | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____

| Number | Street |
|---|---|

_____

| City | State | ZIP Code |
|---|---|---|

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☒ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

| Debtor | Cottonmouth SWD, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**15. Estimated assets¹**
(on a consolidated basis with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

¹ On a consolidated GAAP book value basis, not fair market value basis

**16. Estimated liabilities²**
(on a consolidated basis with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

¹ On a consolidated GAAP book value basis, not fair market value basis

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING** − Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 06/17/2020
MM/DD/YYYY

✘ /s/ Michael Rigg
Signature of authorized representative of debtor

Michael Rigg
Printed name

Chief Financial Officer
Title

**18. Signature of attorney**

✘ /s/ M. Blake Cleary        Date 06/17/2020
Signature of attorney for debtor           MM/DD/YYYY

M. Blake Cleary  (No. 3614)         Matthew S. Barr
Printed Name

Young Conaway Stargatt & Taylor LLP    Weil, Gotshal & Manges LLP
Firm Name

Rodney Square 1000 North King Street    767 Fifth Avenue
Address

Wilmington, Delaware 19801        New York, New York 10153
City/State/Zip

(302) 571-6600             (212) 310-8000
Contact Phone

mbcleary@ycst.com           matt.barr@weil.com
Email Address

3614          Delaware
Bar Number       State

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| COMPANY |
| --- |
| Chisholm Oil and Gas Operating II, LLC |
| Chisholm Oil and Gas Operating, LLC |
| Cottonmouth SWD, LLC |
| Chisholm Oil and Gas Nominee, Inc. |
| Chisholm Oil and Gas Management II, LLC |

**WRITTEN CONSENT OF THE BOARD OF DIRECTORS**
**OF**
**CHISHOLM OIL AND GAS HOLDINGS, LLC**

**AND**

**THE MANAGING MEMBERS**
**OF**
**CHISHOLM OIL AND GAS INTERMEDIATE II, LLC,**
**CHISHOLM OIL AND GAS MANAGEMENT, LLC,**
**CHISHOLM OIL AND GAS MANAGEMENT II, LLC,**
**CHISHOLM OIL AND GAS OPERATING III, LLC,**
**CHISHOLM OIL AND GAS OPERATING II, LLC,**
**CHISHOLM OIL AND GAS OPERATING, LLC,**
**AND**
**COTTONMOUTH SWD, LLC,**

**AND**

**THE SOLE STOCKHOLDER**
**OF**
**CHISHOLM OIL AND GAS NOMINEE, INC.**

**June 17, 2020**

The undersigned – who are (x) the requisite number of directors of the board of directors (the "**Board**") of Chisholm Oil and Gas Holdings, LLC, a Delaware limited liability company (the "**Company**"), (y) the managing members (the "**Managing Members**") of Chisholm Oil and Gas Intermediate II, LLC, a Delaware limited liability company ("**Intermediate II**"), Chisholm Oil and Gas Management, LLC, a Delaware limited liability company ("**ManagementCo**"), Chisholm Oil and Gas Management II, LLC, a Delaware limited liability company ("**Management II**"), Chisholm Oil and Gas Operating III, LLC, a Delaware limited liability company ("**Operating III**"), Chisholm Oil and Gas Operating II, LLC, a Delaware limited liability company ("**Operating II**"), Chisholm Oil and Gas Operating, LLC, a Delaware limited liability company ("**OpCo**"), and Cottonmouth SWD, LLC, a Delaware limited liability company ("**Cottonmouth**"), and (z) the sole stockholder (the "**Sole Stockholder**") of Chisholm Oil and Gas Nominee, Inc., a Delaware corporation ("**Nominee**" and together with Intermediate II, ManagementCo, Management II, Operating III, Operating II, OpCo, and Cottonmouth, the "**Subsidiaries**") –  take the below actions and approve the below resolutions.

**WHEREAS**, the Company is the managing member of, and owns 100% of the membership interests in, Intermediate II; Intermediate II is the managing member of, and owns 100% of the membership interests in, ManagementCo; ManagementCo is the managing member of Management II; ManagementCo is the managing member of, and owns 100% of the membership interests in, Operating III; Operating III is the managing member of, and owns 100% of the membership interests in, Operating II; Operating II is the managing member of, and owns 100% of the membership interests in, OpCo; OpCo is the managing member of, and owns 100%

of the membership interests in, Cottonmouth; and OpCo is the sole stockholder of, and owns 100% of the shares of common stock of Nominee;

WHEREAS, the Board, each Managing Member, in its capacity as managing member of its direct Subsidiary, and the Sole Stockholder, in its capacity as the sole stockholder of Nominee, have, with the assistance of (i) financial advice from financial advisors and management of the Company and its Subsidiaries, (ii) legal advice from outside counsel to the Company and its Subsidiaries, and (iii) management of the Company and its Subsidiaries, fully considered each of the strategic alternatives available to the Company and the Subsidiaries and has had the opportunity to ask questions about the materials presented by management and the legal and financial advisors of the Company and its Subsidiaries regarding the liabilities and liquidity of the Company and the Subsidiaries and the strategic alternatives available to the Company and the Subsidiaries; and

WHEREAS, the Board, each Managing Member, in its capacity as managing member of its direct Subsidiary, and the Sole Stockholder, in its capacity as the sole stockholder of Nominee, have determined that taking the actions set forth below are advisable and in the best interests of the Company and each of the Subsidiaries and, therefore desire to approve the below resolutions.

## Commencement of Chapter 11 Cases

WHEREAS, certain of the Company's subsidiaries intend to implement a financial restructuring through a pre-negotiated plan of reorganization (the "**Plan**") and the commencement by each of Operating II, OpCo, Management II, Cottonmouth, and Nominee (together, the "**Filing Parties**") of a voluntary case under chapter 11 of title 11 of the United States Code(collectively, the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

WHEREAS, the Transaction Subcommittee of the Board (the "**Committee**"), which committee is comprised of independent, disinterested directors, has recommended to the Board that the Board authorize and approve the commencement by each Filing Party of a Chapter 11 Case in the Bankruptcy Court in connection with the Plan; and

WHEREAS, the Board, each Managing Member, in its capacity as managing member of its direct Subsidiary, and the Sole Stockholder, in its capacity as the sole stockholder of Nominee, having consulted with management of the Company and its Subsidiaries, having received and considered advice from legal and financial advisors of the Company and its Subsidiaries, and having considered the recommendation of the Committee, deem it desirable and in the best interests of each Filing Party, their creditors, and other parties in interest that the Chapter 11 Cases be commenced.

NOW, THEREFORE, BE IT RESOLVED, that the Board, each Managing Member, in its capacity as managing member of its direct subsidiary, and the Sole Stockholder, in its capacity as the sole stockholder of Nominee, adopt the recommendations of the Committee that each Filing Party respectively commence a Chapter 11 Case in the Bankruptcy Court in connection with the Plan; and

**RESOLVED FURTHER**, that any manager, officer, or director of the Company and each Filing Party, as applicable (each, an "**Authorized Person**"), who may act without the joinder of any other Authorized Person, is hereby authorized, empowered, and directed to execute and file, or cause to be executed and filed, in the name and on behalf of the applicable Filing Party, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Bankruptcy Court and to take and perform any and all further acts and deeds which such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Cases in the Bankruptcy Court and the Plan, including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection with the successful prosecution thereof.

**Retention of Advisors**

**WHEREAS,** the Committee has recommended to the Board that the Board authorize and approve the retention by each Filing Party of certain advisors in connection with the Chapter 11 Cases, subject to Bankruptcy Court approval; and

**WHEREAS**, the Board, each Managing Member, in its capacity as managing member of its direct Subsidiary, and the Sole Stockholder, in its capacity as the sole stockholder of Nominee, having consulted with management of the Company and its Subsidiaries, having received and considered advice from legal and financial advisors of the Company and its Subsidiaries, and having considered the recommendation of the Committee, deem it desirable and in the best interests of each Filing Party, their creditors, and other parties in interest that each Filing Party retain certain advisors in connection with the Chapter 11 Cases.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board, each Managing Member, in its capacity as managing member of its direct Subsidiary, and the Sole Stockholder, in its capacity as the sole stockholder of Nominee, adopt the recommendations of the Committee that such advisors be retained by each Filing Party;

**RESOLVED FURTHER**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, NY 10153, is hereby retained as attorneys for each Filing Party in the Chapter 11 Cases, subject to Bankruptcy Court approval;

**RESOLVED FURTHER**, that Young Conaway Stargatt & Taylor, LLP, located at 1000 North King Street, Wilmington, DE 19801, is hereby retained as attorneys for each Filing Party in the Chapter 11 Cases, subject to Bankruptcy Court approval;

**RESOLVED FURTHER**, that Evercore Group LLC, located at 55 East 52nd Street, New York, NY 10055, is hereby retained as investment banker for each Filing Party in the Chapter 11 Cases, subject to Bankruptcy Court approval;

**RESOLVED FURTHER**, that Alvarez & Marsal North America, LLC, located at 600 Madison Avenue, 8th Floor, New York, NY 10022, is hereby retained as financial advisor for each Filing Party in the Chapter 11 Cases, subject to Bankruptcy Court approval; and

**RESOLVED FURTHER**, that Omni Agent Solutions, located at 5955 De Soto Avenue, Suite 100, Woodland Hills, CA 91367, is hereby retained as claims, notice, and solicitation agent for each Filing Party in the Chapter 11 Cases, subject to Bankruptcy Court approval.

**Use of Cash Collateral**

**WHEREAS,** the Committee has recommended to the Board that the Board authorize and approve for each Filing Party to provide adequate protection in connection with the Chapter 11 Cases, including paying certain fees, to certain of their prepetition secured lenders pursuant to consensual cash collateral orders (the "**Cash Collateral Orders**"); and

**WHEREAS**, the Board, each Managing Member, in its capacity as managing member of its direct Subsidiary, and the Sole Stockholder, in its capacity as the sole stockholder of Nominee, having considered the terms of the Cash Collateral Orders, and having consulted with the management of the Company and its subsidiaries, having received and considered advice from the legal and financial advisors of the Company and its subsidiaries and having considered the recommendation of the Committee, deem it advisable and in the best interests of each Filing Party to enter into the transactions contemplated therein.

**NOW, THEREFORE, BE IT RESOLVED**, that the Board, each Managing Member, in its capacity as managing member of its direct Subsidiary, and the Sole Stockholder, in its capacity as the sole stockholder of Nominee, adopt the recommendations of the Committee that each Filing Party provide adequate protection pursuant to the Cash Collateral Orders;

**RESOLVED FURTHER**, that the Board, each Managing Member, in its capacity as managing member of its direct Subsidiary, and the Sole Stockholder, in its capacity as the sole stockholder of Nominee, authorize and direct the Authorized Persons to take such action as such persons deem necessary or appropriate to cause each Filing Party, respectively, to complete the transactions contemplated by the Cash Collateral Orders, on terms and conditions similar to those previously provided to the Board, the Managing Members, and the Sole Stockholder, and any and all other agreements, documents, or instruments required or appropriate in connection with or incidental to the transactions contemplated by the foregoing;

**General Authorization and Ratification**

**RESOLVED FURTHER**, that each Authorized Person be, and each, acting alone, hereby is, authorized, empowered, and directed, for and on behalf of the Company and each Filing Party, as applicable, to do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as such Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, with the taking of any such action by such Authorized Person being conclusive evidence that the same did meet such standards as set forth above; and

**RESOLVED FURTHER**, that any and all actions taken by any Authorized Person prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and

each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of the Company or any Filing Party in all respects and for all purposes.

This written consent may be executed in one or more counterparts and transmitted via electronic means.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, each of the undersigned members of the Board, the Managing Members, and the Sole Stockholder has executed this consent as of the date first written above.

**BOARD OF DIRECTORS OF**
**CHISHOLM OIL AND GAS HOLDINGS, LLC**

_____
**GEOFFREY STRONG**

_____
**CHRISTINE HOMMES**

_____
**CHRISTOPH SCHMIDT**

_____
**NATE WALTON**

_____
**GARY LEVIN**

_____
**STEWART WEINGEIST**

_____
**PAUL ARONZON**

_____
**WILLIAM TRANSIER**

_[Signature Page to Written Consent – The Board and Managing Members of Filing Parties]_

**IN WITNESS WHEREOF**, each of the undersigned members of the Board, the Managing Members, and the Sole Stockholder has executed this consent as of the date first written above.

**BOARD OF DIRECTORS OF
CHISHOLM OIL AND GAS HOLDINGS, LLC**

_____
**GEOFFREY STRONG**

_____
**CHRISTINE HOMMES**

_____
**CHRISTOPH SCHMIDT**

_____
**NATE WALTON**

_____
**GARY LEVIN**

_____
**STEWART WEINGEIST**

_____
**PAUL ARONZON**

_____
**WILLIAM TRANSIER**

**IN WITNESS WHEREOF**, each of the undersigned members of the Board, the Managing Members, and the Sole Stockholder has executed this consent as of the date first written above.

**BOARD OF DIRECTORS OF**
**CHISHOLM OIL AND GAS HOLDINGS, LLC**

_____
**GEOFFREY STRONG**

_____
**CHRISTINE HOMMES**

_____
**CHRISTOPH SCHMIDT**

_____
**NATE WALTON**

_____
**GARY LEVIN**

_____
**STEWART WEINGEIST**

_____
**PAUL ARONZON**

_____
**WILLIAM TRANSIER**

**IN WITNESS WHEREOF**, each of the undersigned members of the Board, the Managing Members, and the Sole Stockholder has executed this consent as of the date first written above.

**BOARD OF DIRECTORS OF**
**CHISHOLM OIL AND GAS HOLDINGS, LLC**

_____
**GEOFFREY STRONG**

_____
**CHRISTINE HOMMES**

_____
**CHRISTOPH SCHMIDT**

_____
**NATE WALTON**

_____
**GARY LEVIN**

_____
**STEWART WEINGEIST**

_____*Paul Aronzon*_____
**PAUL ARONZON**

_____
**WILLIAM TRANSIER**

**IN WITNESS WHEREOF**, each of the undersigned members of the Board, the Managing Members, and the Sole Stockholder has executed this consent as of the date first written above.

BOARD OF DIRECTORS OF
CHISHOLM OIL AND GAS HOLDINGS, LLC

_____

GEOFFREY STRONG

_____

CHRISTINE HOMMES

_____

CHRISTOPH SCHMIDT

_____

NATE WALTON

_____

GARY LEVIN

_____

STEWART WEINGEIST

_____

PAUL ARONZON

_____

WILLIAM TRANSIER

[Signature Page to Written Consent – The Board and Managing Members of Filing Parties]

**MANAGING MEMBERS AND SOLE STOCKHOLDER:**

**CHISHOLM OIL AND GAS INTERMEDIATE II, LLC**

**By: Chisholm Oil and Gas Holdings, LLC, its managing member**

By: _____

Name: Michael Rigg

Title: Chief Financial Officer

**CHISHOLM OIL AND GAS MANAGEMENT, LLC**

**By: Chisholm Oil and Gas Intermediate II, LLC, its managing member**
**By: Chisholm Oil and Gas Holdings, LLC, its managing member**

By: _____

Name: Michael Rigg

Title: Chief Financial Officer

**CHISHOLM OIL AND GAS OPERATING III, LLC**

**By: Chisholm Oil and Gas Management, LLC, its managing member**
**By: Chisholm Oil and Gas Intermediate II, LLC, its managing member**
**By: Chisholm Oil and Gas Holdings, LLC, its managing member**

By: _____

Name: Michael Rigg

Title: Chief Financial Officer

**CHISHOLM OIL AND GAS OPERATING II, LLC**

**By: Chisholm Oil and Gas Operating III, LLC, its managing member**
**By: Chisholm Oil and Gas Management, LLC, its managing member**
**By: Chisholm Oil and Gas Intermediate II, LLC, its managing member**
**By: Chisholm Oil and Gas Holdings, LLC, its managing member**

By: _____

Name: Michael Rigg

Title: Chief Financial Officer

[Signature Page to Written Consent – The Board and Managing Members of Filing Parties]

**CHISHOLM OIL AND GAS OPERATING, LLC**

**By: Chisholm Oil and Gas Operating II, LLC, its managing member**
**By: Chisholm Oil and Gas Operating III, LLC, its managing member**
**By: Chisholm Oil and Gas Management, LLC, its managing member**
**By: Chisholm Oil and Gas Intermediate II, LLC, its managing member**
**By: Chisholm Oil and Gas Holdings, LLC, its managing member**

By: _____

Name: Michael Rigg

Title: Chief Financial Officer

**Fill in this information to identify the case:**

Debtor name: Cottonmouth SWD, LLC

United States Bankruptcy Court for the District of Delaware
(State)

Case number (*If known*): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | UNIT DRILLING COMPANY 8200 SOUTH UNIT DRIVE TULSA, OK 74132 | DAVID T. MERRILL EMAIL - DAVID.MERRILL@UNITCORP.COM PHONE - (918) 493-7700 FAX - (918) 493-7711 | Trade Payable | | | | $2,905,500 |
| 2 | HALLIBURTON ENERGY SERVICES IN 300 N SAM HOUSTON PKWY E HOUSTON, TX 77032 | JEFF MILLER EMAIL - JEFF.MILLER@HALLIBURTON.COM PHONE - (281) 871-4000 FAX - (281) 871-4621 | Trade Payable | | | | $2,553,281 |
| 3 | LEGACY DRILLING LLC 203 EAST 80TH STREET STILLWATER, OK 74074 | ANDREA DAVIDSON EMAIL - PHONE - (405) 714-0848 FAX - (405) 707-7280 | Trade Payable | | | | $2,504,112 |
| 4 | ALTA MESA SERVICES, LP 15021 KATY FREEWAY 4TH FLOOR HOUSTON, TX 77094 | MARK CASTIGLIONE EMAIL - MCASTLIGIONE@ALTAMESA.NET PHONE - (281) 530-0991 FAX - | Trade Payable | | | | $1,496,233 |
| 5 | RELIANCE OILFIELD SERVICES, LLC TWO WEST 2ND STREET SUITE 1205 TULSA, OK 74103 | HEATH CASEY EMAIL - HEATH.CASEY@RELIANCEOFS.COM PHONE – (918) 392-9000 FAX – | Trade Payable | | | | $629,500 |
| 6 | MESA NATURAL GAS SOLUTIONS, LLC 5151 RESERVE DRIVE EVANSVILLE, WY 82636 | SCOTT GROMER EMAIL - SCOTT@247MESA.COM PHONE - (307) 472-6372 FAX - | Trade Payable | | | | $599,243 |
| 7 | HEARTLAND COMPRESSION SERVICES 26894 S HWY. 50 MOORELAND, OK 73852 | MASON HENDERSON EMAIL - MASON.HENDERSON@HEARTLANDCOMPRESSION.COM PHONE - FAX - (580) 334-2539 | Trade Payable | | | | $523,428 |
| 8 | OVINTIV MID-CONTINENT INC 4 WATERWAY SQUARE PLACE SUITE 100 THE WOODLANDS, TX 77380 | DOUG SUTTLES EMAIL - PHONE - (281) 210-5100 FAX - (281) 210-5101 | Trade Payable | | | | $514,325 |

Cottonmouth SWD, LLC
_____                    Case number (if known) _____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9<br>VICTORIA W & C RONALD LEWIS JT<br>1710 PLAZA CIR<br>WINDSOR HEIGHTS, IA 50322 | EMAIL - VICTORIA.LEWIS3@YAHOO.COM<br>PHONE - (515) 278-4202<br>FAX - | Royalty | | | | $497,509 |
| 10<br>SMART CHEMICAL SERVICES, LP<br>3220 CHURCH STREET<br>AMARILLO, TX 79109 | LLOYD BROWN<br>EMAIL - LLOYD.BROWN@SMARTCHEMICAL.COM<br>PHONE - (806) 654-5082<br>FAX - | Trade Payable | | | | $440,579 |
| 11<br>BSREP II HOUSTON OFFICE<br>1200 SMITH STREET, SUITE 1200<br>HOUSTON, TX 77002 | TRAVIS OVERALL<br>EMAIL - TRAVIS.OVERALL@BROOKFIELDPROPERTIES.COM<br>PHONE - (713) 336-2117<br>FAX - | Trade Payable | | | | $429,562 |
| 12<br>CHAPARRAL ENERGY LLC<br>701 CEDAR LAKE BLVD<br>OKLAHOMA CITY, OK 73114 | CHUCK DUGINSKI<br>EMAIL - CHUCK.DUGINSKI@CHAPARRALENERGY.COM<br>PHONE - (405) 234-9000<br>FAX - (405) 478-8770 | Trade Payable | | | | $405,087 |
| 13<br>MARSAU ENTERPRISES INC.<br>1209 N. 30TH<br>ENID, OK 73701 | MARLIN ESAU<br>EMAIL - MARLINESAU@HOTMAIL.COM<br>PHONE – (580) 233-3910<br>FAX - (580) 233-5063 | Trade Payable | | | | $ 377,682 |
| 14<br>REVOLUTION II WI HOLDING<br>14301 CALIBER DRIVE SUITE 110<br>OKLAHOMA CITY, OK 73134 | SCOTT VAN SICKLE<br>EMAIL - SCOTTV@REVOLUTIONRESOURCES.COM<br>PHONE -<br>FAX - | Trade Payable | | | | $349,800 |
| 15<br>DYER COATNEY SCHROEDER ATTORNEYS<br>16328 MUIRFIELD PL<br>EDMOND, OK 73013 | ANDREW SCHROEDER<br>EMAIL - ASCHROEDER@DCSLAWFIRM.COM<br>PHONE - (405) 753-1195<br>FAX - (405) 753-1196 | Trade Payable | | | | $ 336,831 |
| 16<br>MICHELE KNOTTS<br>ADDRESS ON FILE | EMAIL -<br>PHONE -<br>FAX - | Severance | | | | $325,000 |
| 17<br>MILROC DISTRIBUTION LLC<br>4700 WESTERN AVE<br>WOODWARD, OK 73801 | DAVID ROLENS<br>EMAIL - ROLENS@MILROCDISTRIBUTION.COM<br>PHONE - (580) 256-0061<br>FAX - | Trade Payable | | | | $278,955 |
| 18<br>GREAT PLAINS GAS COMPRESSION<br>210 E. 1ST ST.<br>HUGOTON, KS 67951 | JIM WILSON<br>EMAIL -<br>PHONE – (620) 544-4191<br>FAX- (620) 544-4141 | Trade Payable | | | | $276,877 |
| 19<br>USA COMPRESSION PARTNERS, LLC<br>111 CONGRESS AVENUE SUITE 2400<br>AUSTIN, TX 78701 | ERIC LONG<br>EMAIL - ELONG@USACOMPRESSION.COM<br>PHONE - (214) 378-8651<br>FAX - (512) 473-2616 | Trade Payable | | | | $252,245 |

Cottonmouth SWD, LLC

Case number (if known) _____

Name _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 CRAWLEY PETROLEUM CORPORATION 105 N HUDSON AVE #800 OKLAHOMA CITY, OK 73102 | JASON GARNER EMAIL - JASONG@CRAWLEYPETROLEUM.COM PHONE - (405) 232-9700 FAX - | Trade Payable | | | | $234,849 |
| 21 CIMARRON VALLEY RENTALS, LLC14946 W COUNTY RD 74CRESCENT, OK 73028 | BRIAN HOPSON EMAIL - CIMARRONVALLEYRENTALSLLC@HOTMAIL.COM PHONE – FAX - | Trade Payable | | | | $216,214 |
| 22 WHITING OIL AND GAS CORP 1700 LINCOLN, SUITE 4700 DENVER, CO 80203 | EMAIL - PHONE - FAX - | Trade Payable | | | | $200,000 |
| 23 QUICK PUMP SERVICE LLC 7284 SOUTH HWY 81 HENNESSEY, OK 73742 | ABEL MORENO EMAIL - QUICKPUMP@PLDI.NET PHONE - FAX - | Trade Payable | | | | $199,345 |
| 24 RICK CARUTHERS CONSTRUCTION 821 S OHIO AVE CHEROKEE, OK 73728 | RICK CARUTHERS EMAIL - DOZERS1@SBCGLOBAL.NET PHONE - FAX - | Trade Payable | | | | $199,127 |
| 25 SEAN LISOOEY ADDRESS ON FILE | EMAIL - PHONE - FAX - | Severance | | | | $195,833 |
| 26 ABADIE & SCHILL PC 555 RIVERGATE LANE SUITE B4-180 DURANGO, CO 81301 | LON ABADIE EMAIL - LON@ABADIESCHILL.COM PHONE - (970) 385-4401 FAX - (970) 385-4901 | Trade Payable | | | | $182,633 |
| 27 THRU TUBING SOLUTIONS 225 HAILEYVILLE AVE MCALESTER, OK 74501 | ANDY FERGUSON EMAIL - AFERGUSON@THRUTUBING.COM PHONE - FAX - 405-692-1911 | Trade Payable | | | | $153,837 |
| 28 LEGACY OFS CONSTRUCTION LLC 1245 INDEPENDENCE ST LUCIEN, OK 73757-9503 | PHILLIP SHERMAN EMAIL - PHILLIPSHERMAN84@YAHOO.COM PHONE - FAX - | Trade Payable | | | | $153,795 |
| 29 CONTINENTAL RESOURCES, INC. 20 N. BROADWAY OKLAHOMA CITY, OK 73102 | JACK STARK EMAIL - JACK.STARK@CLR.COM PHONE - FAX - (405) 234-9253 | Trade Payable | | | | $147,212 |
| 30 ALLAMON TOOL COMPANY INC 18935 FREEPORT DR MONTGOMERY, TX 77356 | JESSICA TAYLOR EMAIL - JTAYLOR@ALLAMONTOOL.COM PHONE - FAX - | Trade Payable | | | | $142,333 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------- x
In re:                                           :      Chapter 11
                                                 :
COTTONMOUTH SWD, LLC,                            :      Case No. 20– _____ (    )
                                                 :
            Debtor.                              :
------------------------------------------------- x
```

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
## PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, attached hereto as **Exhibit A** is an organizational chart reflecting the ownership interests in Chisholm Oil and Gas Operating, LLC and certain of its affiliates, as proposed debtors and debtors in possession (collectively, the "**Debtors**").  The Debtors respectfully represent as follows:

1.      Ares Management, LLC, by and through certain affiliates, owns approximately 58% of the membership interests in Chisholm Oil and Gas Holdings, LLC, and Apollo Global Management LLC, by and through certain affiliates, owns approximately 42% of the membership interests in Chisholm Oil and Gas Holdings, LLC.

2.      Chisholm Oil and Gas Holdings, LLC directly owns 100% of the membership interests in Chisholm Oil and Gas Intermediate II, LLC.

3.      Chisholm Oil and Gas Intermediate II, LLC directly owns 100% of the membership interests in Chisholm Oil and Gas Management, LLC.

4.      Chisholm Oil and Gas Management, LLC directly owns 100% of the membership interests in:

   a.   Chisholm Oil and Gas Intermediate, LLC;

   b.   Chisholm Oil and Gas Operating III, LLC; and

   c.   Chisholm Oil and Gas Midstream, LLC.

5.      Chisholm Oil and Gas Management, LLC directly owns 99% of the membership interests in Chisholm Oil and Gas Management II, LLC, and Chisholm Oil and Gas Intermediate, LLC directly owns 1% of the membership interests in Chisholm Oil and Gas Management II, LLC.

6.      Chisholm Oil and Gas Operating III, LLC directly owns 100% of the membership interests in Chisholm Oil and Gas Operating II, LLC.

7.      Chisholm Oil and Gas Operating II, LLC directly owns 100% of the membership interests in Chisholm Oil and Gas Operating, LLC.

8.      Chisholm Oil and Gas Operating, LLC directly owns 100% of the membership interests or equity interests, as applicable, in:

a.  Cottonmouth SWD, LLC; and

b.  Chisholm Oil and Gas Nominee, Inc.

## **Exhibit A**

**Organizational Chart**



<table>
<tr><td>
**Fill in this information to identify the case:**

Debtor name:  <u>Cottonmouth SWD, LLC</u>

United States Bankruptcy Court for the <u>District of Delaware</u>
(State)

Case number (*If known*):  _____
</td></tr>
</table>

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐     Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐     Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐     Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐     Schedule H: Codebtors (Official Form 206H)

☐     Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐     Amended Schedule _____

☑     Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑     Other document that requires a declaration <u>Consolidated Corporate Ownership Statement</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>06/17/2020</u>
MM/DD/YYYY

**X**  /s/ Michael Rigg
Signature of individual signing on behalf of debtor

Michael Rigg
Printed name

Chief Financial Officer
Position or relationship to debtor